# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CALVIN HAMILTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:04CV161DJS/MLM |
| ) | |
| CHARLES DWYER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Petitioner Calvin Hamilton ("Petitioner") pursuant to 28 U.S.C. § 2254. Doc. 2. Respondent Charles Dwyer filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc.8. Petitioner is currently incarcerated at the Southeast Correctional Center. Therefore, Charles Dwyer ("Respondent"), as the superintendent of that institution, is the proper party Respondent. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 13.

## I.
## BACKGROUND

Petitioner was charged by Amended Information dated April 2, 2998, with one count of murder in the second degree, one count of assault in the first degree, and two counts of armed criminal action. Resp. Ex. B at 17-18. After a bench trial Petitioner was found guilty as charged and the trial court sentenced Petitioner to eighteen years in the custody of the Missouri Department of Corrections for the count of murder in the second degree, ten years for the assault count, and three

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

years for each count of armed criminal action, which sentences are to be served concurrent with one another. Resp. Ex. A-3 at 406-407.

The evidence presented at Petitioner's trial was summarized by the Missouri appellate court as follows:[1]

> Defendant went to a bar called the Rainbow Room and got into an argument with Clayton Barnes, apparently concerning the relationship between Barnes and Tracy West, Defendant's sister. Subsequently, Defendant got into another argument with Rowe, a friend of Barnes. These arguments appear to have been connected. After this altercation, both Rowe and Defendant separately left the Rainbow Room. Defendant left with Benny Douglas in the latter's automobile and at some point Defendant told Douglas that "he was going to kill [Rowe]" and that "nothing [Douglas] said would change his mind." Subsequently, Defendant exited Douglas' car and got into Roosevelt Hudson's car. Defendant told Hudson, variously, to "find Jimmy's car," to "take him home," or to "take [him] to the projects." Hudson and Claude Taylor (another passenger in the car) testified that, at the time, Defendant said he was going to shoot Rowe. Defendant then rode with Hudson to another bar called Herb's, from whence he was last seen by Hudson walking back towards the Rainbow Room. Defendant eventually returned to the Rainbow Room.

> There was testimony that following Defendant's return to the Rainbow Room, Defendant and Barnes again argued, with Defendant putting a pistol to Barnes' head.

---

[1] In proceedings pursuant to 28 U.S.C. § 2254, a "state court's factual findings carry a presumption of correctness that will be rebutted only by clear and convincing evidence." Hall v. Luebbers, 341 F.3d 706, 712 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Lomholt v. Iowa, 327 F.3d 748, 752 (8th Cir.2003)), cert. denied, 541 U.S. 996 (2004). Explicit and implicit findings by state trial and appellate courts are presumed to be correct. See Rushen v. Spain,464 U.S. 114, 120, (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 866 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id.(citing Brown v. Allen, 344 U.S. 443, 506 (1953)).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

> During, or immediately subsequent to this dispute, Rowe also returned to the Rainbow Room. Rowe, Lathica Hubbard, Telisa Hill, and Brandon Rowe all testified that when Defendant saw Rowe he chased Rowe across the street, shooting at him. Rowe was hit by one bullet that punctured his small intestine, bladder and large intestine. Rowe, though wounded, continued to run and was able to elude Defendant.
>
> Once the shooting started, various witnesses ran or drove after Defendant and Rowe, evidentially in an effort to either intercede or ascertain what was transpiring. Polk, on foot, encountered Defendant coming around a house and advanced toward Defendant with his hands raised saying "[m]an, did you kill my nephew" and "[i]s my nephew dead?" or words to that effect. Defendant then shot Polk in the chest. Polk took a couple of steps after being shot and then collapsed.

Resp. Ex. E at 5-7.

Additionally, the appellate court noted that Polk died at the scene and that Rowe underwent surgery twice spending nine days in the hospital after the first surgery. Resp. Ex. E at 7.

On December 30, 1998, Petitioner filed a direct appeal in which he raised the following issues: (1) the trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all evidence as to the counts of assault in the first degree and armed criminal action based on this assault count because the State failed to prove that Petitioner caused "serious physical injury" to Toby Rowe, and (2) the trial court erred in overruling Petitioner's motion for judgment of acquittal on all counts because the evidence was insufficient to make a submissible case against Petitioner regarding the wounding and killing. Resp. Ex. C. at 12-13. By Order, dated June 2, 1999, the Missouri appellate court affirmed the judgment against Petitioner. Resp. Ex. E. Petitioner filed a motion for transfer to the Missouri Supreme Court which motion was denied on August 24, 1999. Resp. Ex. F.

Petitioner filed a pro se post-conviction relief motion on November 18, 1999. Resp. Ex. G at 4-7. Counsel was appointed and an amended Rule 29.15 motion and request for evidentiary hearing were filed. Resp. Ex. G at 8-24. After a hearing the motion court denied Petitioner's Rule

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

29.15 motion. Resp. Ex. G at 25-37. Petitioner filed an appeal of the motion court's denial of his Rule 29.15 motion in which he alleged that Petitioner was denied effective assistance of trial counsel in that his trial counsel failed to conduct an adequate investigation, failed to adequately prepare for trial, and failed to adequately cross examine the State's witnesses. Resp. Ex. I at 7. By Order dated September 25, 2001, the Missouri appellate court affirmed the decision of the motion court and the judgment against Petitioner. Resp. Ex. K.

On September 3, 2002, Petitioner filed with the Missouri appellate court a motion to recall the mandate in his post-conviction relief matter. In his motion to recall the mandate Petitioner alleged that he received ineffective assistance of appellate counsel. Resp. Ex. L. In particular, Petitioner alleged in his motion to recall the mandate that his direct appeal attorney had a conflict of interest and that counsel failed to "litigate clear meritorious grounds" which if litigated would have changed the outcome of Petitioner's case. Resp. Ex. L at 2. Petitioner further asserted in his motion to recall the mandate that he could not timely "file his claim of ineffective assistance of appellate counsel in the circuit court ... under Rule 29.15." Resp. Ex. L at 3.

By Order, dated September 4, 2002, the Missouri appellate court held that Petitioner's motion to recall the mandate was "not authorized by law" and that, therefore, it was being "stricken." Resp. Ex. M. The appellate court further held that as Petitioner "was sentenced after January 1, 1996, and all claims of ineffective assistance of trial counsel or counsel on direct appeal must be made in a motion filed with the trial court pursuant to Rule 29.15." Resp. Ex. M. The Missouri appellate court further stated that claims of ineffective assistance of post-conviction counsel are not reviewable. Resp. Ex. M.

On November 26, 2002, Petitioner filed, in the Missouri Supreme Court, a petition for writ

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of habeas corpus pursuant to Missouri Rule 91. Resp. Ex. N. Petitioner sought relief on the following grounds: his conviction was obtained in violation of his right to due process because he was actually innocent of murder second degree and of the related armed criminal action; Petitioner received ineffective assistance of trial counsel because trial counsel stipulated into evidence an autopsy report and because counsel failed to call the medical examiner as a defense witness; and Petitioner was denied his constitutional right to appeal because the appellate court failed to grant Petitioner an evidentiary hearing on his Rule 29.15 motion to recall the mandate and because Rule 29.15, as amended, sets forth new procedures relevant to raising claims of ineffective assistance of counsel. Resp. Ex. N. On March 4, 2003, the Missouri Supreme Court denied, without explanation, Petitioner's petition for habeas corpus filed pursuant to Rule 91. Resp. Ex. O.

In his § 2254 Petition, filed on February 9, 2004, Petitioner raises the following issues:

**1**. Petitioner was actually innocent of murder second degree and the related count of armed criminal action because he was convicted "under insufficient and uncorroborated evidence to sustain a conviction by proof beyond a reasonable doubt.

**2**. Petitioner received ineffective assistance of trial counsel because trial counsel stipulated "into evidence that facts of the autopsy report of [the victim]"and because trial counsel failed to call the medical examiner as a defense witness.

**3**. Petitioner was denied the constitutional right to appeal because the Missouri appellate court failed to grant Petitioner an evidentiary hearing pursuant to his Rule 29.15 motion to recall the mandate because Rule 29.15 as amended January 1, 1996, "set forth a new rule of criminal procedures in which a claim of ineffective assistance of appellate counsel must be raised under Rule 29.15."

Doc. 2 at 28.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

## II.
## LEGAL FRAMEWORK APPLICABLE TO DEFAULT, EXHAUSTION AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "'required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1997). The United States Supreme Court has recently held that because the

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murry v. Carrier, 477 US 478, 496 (1986); Schlup v. Delo, 513 U.S. 298, 298 (1995)). A habeas petitioner who wishes to have a procedurally defaulted claim considered on its merits "'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 650 (8th Cir. 1992) (citing Sawyer v. Whitley, 505 U.S. 333 (1992)). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94. In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)).

It has been held that "novel circumstances and arguments" may constitute cause for failing to excuse procedural default. In Reed v. Ross, 468 U.S. 1 (1984), "the Supreme Court recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." McKinnon, 921 at 833 (citing Reed, 468 U.S.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

at 16). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Ziner v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are 'no currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

However, "only a 'firmly established and regularly followed state practice' will bar federal court review." Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) (quoting Ford v. Georgia, 498

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

U.S. 411, 423-24 (1991)). In Randolph v. Kemna, 276 F.3d 401, 404 (8th Cir. 2002), the Eighth Circuit held that the law of Missouri does not require "prisoners to pursue discretionary review by petitioning for transfer to the Missouri Supreme Court." The Eighth Circuit concluded, in Randolph, that a state prisoner, seeking federal habeas review, need not seek transfer to the Missouri Supreme Court. Id. at 405.

In Duncan v Walker, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity to fully consider federal-law challenges to state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." See e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Rose v. Lundy, 455 U.S. 509, 518-19 (1982). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Duncan, 533 U.S. at 179 (citing Rose, 455 U.S. at 518). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" Id. (quoting Rose, 455 U.S. at 518) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)). As stated by the Court in O'Sullivan, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." The Court in Duncan further acknowledged that the exhaustion requirement is designed to reduce the risk of piecemeal litigation. 533 U.S. at 180. Thus, "'strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition.'" Id. (quoting

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Rose, 455 U.S. at 520).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The Court, in Duncan, recognized the need to reconcile the tolling provision of § 2244(d)(2) with the exhaustion requirement of § 2254(b). The Court held that:

> Section 2254(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to "properly filed application[s] for State post-conviction or other collateral review."

Duncan, 533 U.S. at 179-80.

The limitation period of § 2254(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2254(d)(2) states that "[t]he time during which a *properly filed* application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." (emphasis added). Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year

10

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Peterson, 200 F.3d at 1203), cert. denied, 539 U.S. 933 (2003). It is not "pending," however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)).

United States Supreme Court Rule 13(1) provides that a "petition for certiorari seeking review of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Rule 13(3) provides that the "time to file a petition for writ of certiorari runs from the date of entry of judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Thus, a state court decision becomes final ninety days after the denial of discretionary review by the highest state court. See Beery, 312 F.3d at 950.

The Eighth Circuit further explained, in Williams, 299 F.2d at 983, as follows:

> We stated in [Peterson v. Gammon, 200 F.3d 1202 (8th Cir.2000)] that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." See id. at 1205. ... Peterson did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. See Gibson v. Klinger, 232 F.3d 799, 803-04 & n. 1 (10th Cir.2000); Swartz v. Meyers, 204 F.3d

11

417, 420-24 (3d Cir.2000).

The Eighth Circuit holds that § 2244(d)(2) does not toll the statute of limitations for the ninety day period following the final denial of state post-conviction relief during which the petitioner could seek a writ of certiorari from the United States Supreme Court. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001) (citing Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir.2000); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir.1999); Rhine v. Boone, 182 F.3d 1153, 1155-56 (10th Cir.1999)).

The 1-year statute of limitations of § 2244(d) is subject to the doctrine of equitable tolling. See Jihad, 267 F.3d at 805 (citing Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001). As held by the court in Jihad, 267 F.3d at 805, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Further equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction." (citing Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000)).

## DISCUSSION

Respondent argues that Petitioner's § 2254 Petition should be dismissed because it is untimely. The Missouri appellate court affirmed the judgment against Petitioner pursuant to his direct appeal on June 2, 1999. Petitioner filed for transfer to the Missouri Supreme Court which denied transfer on August 24, 1999. The 1-year statutory period was tolled for ninety days following August 24, 1999. Petitioner filed his State post-conviction relief motion on November 18, 1999, which was within this ninety day period. As such, the 1-year period remained tolled through the date the Missouri appellate court denied the appeal of Petitioner's post-conviction relief motion, September 25, 2001. See Beery, 312 F.3d at 950. The 1-year period was tolled for an additional fifteen days

12

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

until October 10, 2001, at a which time the denial of Petitioner's State post-conviction relief motion became final. See Beery, 312 F.3d at 950. Petitioner did not file for transfer to the Missouri Supreme Court nor did he file a motion for reconsideration with the State appellate court. Thus, on October 10, 2001, the 1-year statutory period commenced running as the ninety day tolling period is not applicable to the Missouri appellate court's decision affirming the motion court's denial of Petitioner's post-conviction relief motion. See Jihad, 267 F.3d at 804.

On September 3, 2002 Petitioner filed a motion to recall the mandate of the State appellate court. The motion was denied on September 4, 2002. Petitioner then filed a Rule 91 State habeas petition on November 26, 2002, which was summarily denied on March 4, 2003. As set forth above, federal review pursuant to § 2254 cannot be based on state court pleadings which are not *properly filed pursuant to state law*. Byrd, 942 F.2d at 1232. Only *properly filed* state post-conviction relief motions toll the 1-year period of § 2244(d)(1). Williams, 299 F.3d at 982. An application for state post-conviction relief is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" under state law. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The Missouri appellate court struck Petitioner's motion to recall the mandate on the grounds that it was not properly filed according to Missouri law, noting that for defendants sentenced after January 1, 1996, claims of ineffective assistance of trial counsel or direct appeal counsel are properly made pursuant to a Rule 29.15 motion. Indeed, Missouri Rule 29.15(a) provides that Rule 29.15 is *the exclusive procedure* by which a person convicted of a felony after trial may bring claims that his conviction or sentence violated the Constitution, including claims of ineffective assistance of appellate counsel. Rule 29.15 enables a criminal defendant to raise claims of ineffective assistance of appellate counsel as this rule provides that the defendant must file a post-conviction relief motion pursuant to

13

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Rule 29.15 within ninety days after the mandate of the appellate court is issued. Rule 29.15(b). Additionally, Rule 29.15(m) states that "Rule 29.15 applies to all proceedings wherein sentenced is pronounced on or after January 1, 1996." Petitioner was sentenced in 1998, well after the effective date of Rule 29.15.

Rule 91 provides that a person restrained of liberty within Missouri may seek relief pursuant to habeas corpus petition and specifically states that it "applies in all particulars not provided for by the foregoing provisions." Where an issue is known or reasonably discoverable to a criminal defendant during the period in which he could have filed for post-conviction relief habeas corpus relief under Rule 91 is not available. Walls v. Delo, 755 F.Supp. 873, 875 (E.D.Mo.1991); Brown v. Gammon, 947 S.W.2d 437, 440 (Mo. Ct. App. 1997) (citing Walls, 755 F. Supp. at 875; Merriweather v. Grandison, 904 S.W.2d 485, 489 (Mo. Ct. App.1995)). Moreover, under Missouri law "relief available under a writ of habeas corpus has traditionally been very limited, and courts are not required to issue this extraordinary writ where other remedies are adequate and available." Covey v. Moore, 72 S.W.3d 204, 210 (Mo. App. 2002) (quoting Clay v. Dormire, 37 S.W.3d 214, 217 (Mo. 2000) (en banc). In Petitioner's case the issues which he raised in his Rule 91 habeas petition were known or reasonably discoverable to him during the period provided by Rule 29.15; as such, habeas corpus relief under Rule 91 was not available to him. See Walls, 755 F.Supp. at 875.[2]

---

[2] The Eighth Circuit has addressed summary dismissals of Rule 91 habeas petitions as follows:

> Byrd v. Delo, 942 F.2d 1226 (8th Cir.1991), ... involv[ed] the Missouri Supreme Court's summary denial of a Rule 91 habeas petition with the same language as used in this case. We stated, "[a]fter Coleman [v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)], there is simply no reason to construe an *unexplained Rule 91 denial* as opening up the merits of a previously defaulted federal issue," because such a denial rests on the Missouri procedural

14

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Because Petitioner's motion to recall the mandate and his Rule 91 habeas petition were not properly filed according to Missouri law, their pendency did not toll the 1-year statute of limitations applicable to the filing of a § 2254 habeas petition. See Williams, 299 F.3d at 982.

Even assuming, arguendo, that the 1 year period of § 2244(d)(1) was tolled during the pendency of Petitioner's motion to recall the mandate and of his Rule 91 State habeas petition, the 1-year period ran from October 10, 2001, the date Petitioner's post-conviction relief appeal became final, until September 3, 2002, the date upon which Petitioner filed the motion to recall the mandate which is a period of approximately eleven months. Additionally, the statute again commenced to run no later than September 5, 2002, upon the denial of the motion to recall the mandate, and ran until November 26, 2002, when Petitioner filed his Rule 91 habeas petition.[3] Thus, the statute ran for this additional period of over two months for a total of thirteen months. The statute of limitations again commenced running on March 4, 2003, upon the denial of Petitioner's Rule 91 habeas petition by the

---

rule that Rule 91 cannot be used to raise claims that could have been raised on direct appeal or in a timely motion for post-conviction relief. Byrd, 942 F.2d at 1232. Both before and after Simmons, we have consistently followed Byrd's rule regarding unexplained denials of Rule 91 petitions. See Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir.1996); Charron v. Gammon, 69F.3d 851, 857 (8th Cir.1995). (other citations omitted) (emphasis added)

Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996).

While Preston addresses procedural default rather than timeliness, the court's rationale supports the conclusion that a summary dismissal of a Rule 91 habeas petition establishes that the petition was not properly filed pursuant to Missouri law and, hence, does not toll the statute of limitations applicable to a § 2254 petition.

[3]    Filing deadlines under the AEDPA "fall on the anniversary date of the triggering event, not the day before, and a deadline is advanced to the next business day if it falls on a week-end." Wright v. Norris, 299 F.3d 926, 927 n.2(8th Cir. 2002).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Missouri Supreme Court. Petitioner did not file his § 2254 Petition until February 9, 2004.[4] Thus, the statute ran for an additional eleven months. Therefore, by any calculation, Petitioner's § 2254 Petition was filed well in excess of the 1-year period provided by § 2244(d)(1). The court finds, therefore, that the § 2254 Petition filed by Petitioner should be dismissed as untimely.

The court further find that Petitioner has not established grounds for equitable tolling of the 1-year period provided by § 2244(d)(1). See Jihad, 267 F.3d at 805.

# V.
# CONCLUSION

For the reasons stated above, the court finds that Petitioner's § 2254 Petition is not timely filed and that, therefore, it should be dismissed in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

---

[4] Where a State court dismisses a claim on the grounds that the issue was procedurally defaulted under State law, a habeas petitioner may not raise the defaulted issue in a § 2254 petition. Heffernan v. Norris, 48 F.3d 331, 333 (8th Cir. 1995) (holding that a federal court cannot consider claims which a state prisoner has procedurally defaulted in state court absent a showing of actual innocence or cause and prejudice). The door to federal habeas review is not opened where the State court "sets forth in a clear and plain statement that its decision rests on state law grounds, and as long as those grounds are adequate and independent of federal claims." Taylor v. Norris, 401 F.3d 883, 886 (8th Cir. 2005). Thus, to the extent that Petitioner alleges in Ground 3 of his § 2254 Petition that he was denied effective assistance of direct appeal counsel, Petitioner has procedurally defaulted this issue which as he did not raise it in his State post-conviction relief motion or in the appeal of his State post-conviction relief motion. Additionally, Petitioner has not suggested cause or prejudice to excuse his procedural default.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**; [2]

**IT IS FURTHER RECOMMENDED** that for the reasons stated herein, any motion by Petitioner for a certificate of appealability should be **DENIED**.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.3d 356 (8th Cir. 1990).

        /s/Mary Ann L. Medler
        MARY ANN L. MEDLER
        UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

PDF created with FinePrint pdfFactory trial version www.pdffactory.com